DOWNEY BRAND LLP
Richard G. Campbell, Jr. (Bar No. 1832)
rcampbell@downeybrand.com
Bret F. Meich (Bar No. 11208)
bmeich@downeybrand.com
100 W. Liberty St., Suite 900
Reno, NV 89501_
TEL.: 775-329-5900
FAX: 775-997-7417

*Attorneys for Defendant US Airways, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDNA SHEFFER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>US AIRWAYS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 3:15-cv-00204-RCJ-(VPC)<br><br>**DEFENDANT US AIRWAYS, INC.'S MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant US Airways, Inc. ("US Airways" or the "Company"), respectfully moves this Court: (i) to dismiss plaintiff Edna Sheffer's ("Plaintiff's") first cause of action with prejudice for failure to state a claim to the extent that Plaintiff purports to assert claims accruing more than two years before she filed the Complaint; and (ii) to dismiss Plaintiff's second cause of action (based on NRS § 608.140 and §§ 608.020-608.050) with prejudice for failure to state a claim because NRS § 608.140 does not provide a private right of action to enforce Nevada's labor statutes. In support of this motion, US Airways

///

///

///

///

1405630.1

relies on the attached Memorandum of Points and Authorities, the papers and pleadings on file in this matter, and any oral argument the Court may allow.

Dated:   April 15, 2015

Respectfully submitted,

DOWNEY BRAND LLP

By: /s/ Bret F. Meich
    Richard G. Campbell, Jr. (Bar No. 1832)
    rcampbell@downeybrand.com
    Bret F. Meich (Bar No. 11208)
    bmeich@downeybrand.com
    100 W. Liberty St., Suite 900
    Reno, NV 89501
    TEL.: 775-329-5900
    FAX: 775-997-7417

*Attorneys for Defendant US Airways, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I    INTRODUCTION**

This is a putative wage and hour class action brought under Article 15, Section 16 of the Nevada Constitution (the "Minimum Wage Amendment"), and NEV. REV. STAT. ANN. ("NRS") §§ 608.020-608.050 and 608.140.  Plaintiff seeks to represent a class of all current and former US Airways call center employees in Nevada, whom Plaintiff alleges were denied minimum wage for daily pre- and post-shift activities and training time.  (Dkt. No. 1, Ex. A, Compl., ¶¶ 12, 16.) Plaintiff purports to assert two causes of action: (1) failure to pay minimum wages in violation of the Minimum Wage Amendment ("First Cause of Action"); and (2) failure timely to pay all wages due and owing upon termination pursuant to Nevada labor statutes ("Second Cause of Action"). (*Id.* ¶¶ 14–26).  Plaintiff seeks damages, penalties, attorneys' fees, costs and interest on behalf of herself and similarly situated employees as a result of US Airways' alleged failure to comply with Nevada law.  (*Id.* p. 8.)

Plaintiff's First Cause of Action should be dismissed with prejudice for failure to state a claim to the extent that Plaintiff purports to assert claims accruing more than two years before she filed the Complaint.  Claims for violation of the Minimum Wage Amendment are not subject to a six-year statute of limitations as Plaintiff alleges (Compl. ¶ 17); they are subject to a two-year statute of limitations.  *See*, *e.g.*, *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

Plaintiff's Second Cause of Action (based on NRS § 608.140 and §§ 608.020-608.050) should be dismissed with prejudice for failure to state a claim because NRS § 608.140 does not provide a private right of action to enforce Nevada's labor statutes.  *See, e.g.*, *Miranda v. O'Reilly Auto. Stores, Inc.*, 2014 U.S. Dist. LEXIS 118931 (D. Nev. Aug. 26, 2014).  Rather, the Labor Commissioner retains the exclusive right to enforce those statutes.  *See* NRS § 608.180.

///
///
///
///

## II  BACKGROUND

Plaintiff alleges that she is a former US Airways Customer Service Agent who worked at US Airways' Reno, Nevada call center location.[1] (Compl. ¶ 7.) Her job responsibilities included assisting clients with airline travel reservations over the telephone. (*Id.*) Plaintiff does not provide any details as to when she was employed by US Airways, but alleges that, throughout her employment at US Airways, she worked five eight-hour shifts per week for a total of 40 hours a week. (*Id.*)

In addition to her regularly scheduled hours, Plaintiff claims that she and putative class members performed numerous pre- and post-shift activities for which they were not paid. (*Id.* ¶¶ 8–9.) Plaintiff alleges that prior to starting her regularly scheduled shift, she performed activities such as booting up her computer and loading computer programs. (*Id.* ¶ 7.) Plaintiff further alleges that she had to perform similar activities (*e.g.*, booting down her computer and returning Company equipment) after she clocked out. (*Id.*) Plaintiff asserts that US Airways never paid her or putative class members for the 30 minutes it took to perform these activities each day. (*Id.* ¶¶ 8–9.) Plaintiff also alleges that US Airways requires call center employees to complete at-home training courses and score at least 95% on weekly examinations to maintain their employment. (*Id.* ¶ 9.) Plaintiff asserts that she spent roughly two hours per day studying for the required weekly examinations and that US Airways never compensated her for the time she spent studying. (*Id.*)

In sum, Plaintiff claims that, in addition to her daily eight-hour shift, she spent an additional two hours and 30 minutes working each day without compensation. (*Id.*) She asserts that US Airways never compensated her nor the putative class members as a result of the Company's "practice and policy of not paying employees" for pre- and post-shift activities and time spent preparing for required training examinations. (*Id.* ¶¶ 8–9.)

Plaintiff originally filed her lawsuit in the Second Judicial District for the State of Nevada,

///

---

[1] The factual allegations in the Complaint are assumed to be true solely for purposes of this motion. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

County of Washoe on February 26, 2015.  US Airways removed the action to this Court on April 8, 2015.  (Dkt. No. 1.)

## III  ARGUMENT

Pursuant to Rule 12(b)(6), Plaintiff's First Cause of Action should be dismissed with prejudice for failure to state a claim to the extent it asserts claims accruing more than two years before Plaintiff filed the Complaint, and Plaintiff's Second Cause of Action should be dismissed with prejudice in its entirety for failure to state a claim.

### A. Plaintiff's First Cause Of Action Should Be Dismissed To The Extent That It Asserts Claims That Accrued More Than Two Years Before Plaintiff Filed Suit.

In her First Cause of Action for violation of the Minimum Wage Amendment, Plaintiff purports to assert claims on behalf of herself and a putative class for a six-year period based on the six-year statute of limitations set forth in NRS § 11.190(1)(b).  (Compl. ¶¶ 17, 19–26.)  But NRS § 11.190(1)(b) does not govern Plaintiff's First Cause of Action.  Rather, NRS § 608.260 governs Plaintiff's First Cause of Action, and it expressly provides for a two-year statute of limitations.

NRS § 11.190(1)(b) states that "unless further limited by specific statute" a six-year period of limitation applies to civil actions "upon a contract, obligation or liability founded upon an instrument in writing."  Plaintiff's First Cause of Action for failure to pay minimum wages, however, is not based "upon a contract, obligation or liability founded upon an instrument in writing."  Rather, Plaintiff expressly seeks to recover "unpaid wages due pursuant to Nevada constitutional and statutory authority."  (Compl. ¶ 2.)  NRS § 608.260 governs such a claim, and specifically imposes a two-year statute of limitations on actions by employees to recover the difference between minimum wage and the amount paid.  *See* NRS § 608.260 ("If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage.").

The fact that claims for violation of the Minimum Wage Amendment are subject to a two-year statute of limitations has been confirmed by the Ninth Circuit.  *See Rivera.*, 735 F.3d at 902

1  ("[t]he district court properly dismissed the state [minimum wage] constitutional claims to the
2  extent they accrued more than two years before [plaintiff] filed suit."). And the two-year statute of
3  limitations for such claims has also repeatedly been confirmed by this Court. *See McDonagh v.*
4  *Harrah's Las Vegas*, 2014 U.S. Dist. LEXIS 82290, at *10–11 (D. Nev. June 17, 2014) (rejecting
5  plaintiff's argument that NRS § 11.190(1)(b) provides a six-year statute of limitations period for
6  claims under the Minimum Wage Amendment, and holding that a two-year statute of limitations
7  applies); *Tyus v. Wendy's of Las Vegas, Inc.*, 2015 U.S. Dist. LEXIS 32591, at *6 (D. Nev. Mar.
8  13, 2015) ("although the Minimum Wage Amendment is silent on a limitations period, the Court
9  finds that this silence does not impliedly repeal the two-year statute of limitations period found in
10 NEV. REV. STAT. ANN. § 608.260 [and] [t]he Court dismisses with prejudice all wage claims
11 accruing more than two years before Plaintiffs filed suit.").

12         The result must be the same here. Plaintiff's First Cause of Action should be dismissed
13 with prejudice to the extent it purports to assert claims on behalf of Plaintiff or the putative class
14 accruing more than two years before Plaintiff filed suit.

15         **B.     Plaintiff's Second Cause Of Action Should Be Dismissed Because There
               Is No Private Right Of Action To Enforce The Nevada Labor Statutes
16             At Issue.**

17         Plaintiff's Second Cause of Action fails to state a claim upon which relief may be granted
18 because NRS § 608.140 does not provide a private right of action to enforce Nevada's labor
19 statutes, including §§ 608.020-608.050. This has repeatedly been confirmed by this Court. *See,*
20 *e.g.*, *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1218–19 (D. Nev. 2013)
21 (finding that section 608.140 does not imply a private right of action to enforce labor statutes and
22 dismissing an [overtime] claim brought pursuant to 608.020 and 608.040); *Miranda.*, 2014 U.S.
23 Dist. LEXIS 118931, at *5 (holding that section 608.140 "does not imply a private remedy to
24 enforce the labor statutes, which impose external standards for wages and hours."); *McDonagh*,
25 2014 U.S. Dist. LEXIS 82290, at *10 ("[t]he current tide of common law appears to show that
26 NRS 608.140 'does not imply a private remedy to enforce labor statutes, which impose external
27 standards for wages and hours . . .'" (citation omitted)); *Gamble v. Boyd Gaming Corp.*, 2015
28 U.S. Dist. LEXIS 78069, at *10–11 (D. Nev. June 6, 2014) (finding no private remedy to enforce

608.020-.050); *Descutner v. Newmont USA Ltd.*, 2012 U.S. Dist. LEXIS 156656, at *6–7 (D. Nev. Nov. 1, 2012) ("section 608.140 does not imply a private right of action to sue under the labor code . . . .").

These decisions are all supported by precedent of the Nevada Supreme Court, which has held that "the absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101, 104–05 (Nev. 2008) (holding no private right of action to enforce NRS § 608.160). Similarly, the Nevada Supreme Court has stated that "when an administrative official is expressly charged with enforcing a section of laws, a private cause of action generally cannot be implied." *Id.* at 102 (noting that the Legislature has ordered the Labor Commissioner to enforce NRS § 608.160 weighs heavily against finding any intent to create a private remedy). Here, the Labor Commissioner is expressly charged by statute to enforce all wage and hour requirements under 608.005-608.195. *See* NRS § 608.180 (the "Labor Commissioner . . . shall cause the provisions of NRS 608.005 to 608.195, inclusive, to be enforced . . . ."); *see also id.* § 607.215 (creating a comprehensive scheme whereby review of the Commissioner's decisions is available in court).

Accordingly, because NRS § 608.140 does not provide a private right of action to enforce §§ 608.020-.050, Plaintiff's Second Cause of Action fails to state a claim and should be dismissed with prejudice.

**IV    CONCLUSION**

For the foregoing reasons, US Airways respectfully requests that pursuant to Rule 12(b)(6) the Court: (1) dismiss with prejudice Plaintiff's First Cause of Action for failure to state a claim to

///
///
///
///
///
///

1405630.1

7

the extent that it asserts claims on behalf of Plaintiff or the putative class accruing more than two years before Plaintiff filed her Complaint; and (2) dismiss with prejudice for failure to state a claim Plaintiff's Second Cause of Action.

Dated:  April 15, 2015

Respectfully submitted,

DOWNEY BRAND LLP

By: /s/ Bret F. Meich
    Richard G. Campbell, Jr. (Bar No. 1832)
    rcampbell@downeybrand.com
    Bret F. Meich (Bar No. 11208)
    bmeich@downeybrand.com
    100 W. Liberty St., Suite 900
    Reno, NV 89501_
    TEL.: 775-329-5900
    FAX: 775-997-7417

*Attorneys for Defendant US Airways, Inc.*

# PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is Downey Brand LLP, 100 West Liberty, Suite 900, Reno, Nevada 89501. On April 15, 2015, I served the following document(s):

**DEFENDANT US AIRWAYS, INC.'S NOTICE OF REMOVAL**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada addressed as set forth below.

☐ **BY EMAIL:** by causing the document(s) to be electronically served.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY E-MAIL/ELECTRONIC FILING SYSTEM:** by causing the document(s) to be electronically served via the court's electronic filing system to the following attorneys associated with this case.

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV  89511

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 15, 2015, at Reno, Nevada.

/s/ Danielle L. Bleecker

1405630.1

DOWNEY BRAND LLP
Richard G. Campbell, Jr. (Bar No. 1832)
rcampbell@downeybrand.com
Bret F. Meich (Bar No. 11208)
bmeich@downeybrand.com
100 W. Liberty St., Suite 900
Reno, NV 89501_
TEL.: 775-329-5900
FAX: 775-997-7417

*Attorneys for Defendant US Airways, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDNA SHEFFER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>US AIRWAYS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:  3:15-cv-00204-RCJ-(VPC)<br><br>**DEFENDANT US AIRWAYS, INC.'S MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant US Airways, Inc. ("US Airways" or the "Company"), respectfully moves this Court: (i) to dismiss plaintiff Edna Sheffer's ("Plaintiff's") first cause of action with prejudice for failure to state a claim to the extent that Plaintiff purports to assert claims accruing more than two years before she filed the Complaint; and (ii) to dismiss Plaintiff's second cause of action (based on NRS § 608.140 and §§ 608.020-608.050) with prejudice for failure to state a claim because NRS § 608.140 does not provide a private right of action to enforce Nevada's labor statutes.  In support of this motion, US Airways

///

///

///

///

1405630.1

relies on the attached Memorandum of Points and Authorities, the papers and pleadings on file in this matter, and any oral argument the Court may allow.

Dated:   April 15, 2015

Respectfully submitted,

DOWNEY BRAND LLP

By: /s/ Bret F. Meich
    Richard G. Campbell, Jr. (Bar No. 1832)
    rcampbell@downeybrand.com
    Bret F. Meich (Bar No. 11208)
    bmeich@downeybrand.com
    100 W. Liberty St., Suite 900
    Reno, NV 89501_
    TEL.: 775-329-5900
    FAX: 775-997-7417

*Attorneys for Defendant US Airways, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I      INTRODUCTION**

This is a putative wage and hour class action brought under Article 15, Section 16 of the Nevada Constitution (the "Minimum Wage Amendment"), and NEV. REV. STAT. ANN. ("NRS") §§ 608.020-608.050 and 608.140.  Plaintiff seeks to represent a class of all current and former US Airways call center employees in Nevada, whom Plaintiff alleges were denied minimum wage for daily pre- and post-shift activities and training time.  (Dkt. No. 1, Ex. A, Compl., ¶¶ 12, 16.) Plaintiff purports to assert two causes of action: (1) failure to pay minimum wages in violation of the Minimum Wage Amendment ("First Cause of Action"); and (2) failure timely to pay all wages due and owing upon termination pursuant to Nevada labor statutes ("Second Cause of Action"). (*Id*. ¶¶ 14–26).  Plaintiff seeks damages, penalties, attorneys' fees, costs and interest on behalf of herself and similarly situated employees as a result of US Airways' alleged failure to comply with Nevada law.  (*Id*. p. 8.)

Plaintiff's First Cause of Action should be dismissed with prejudice for failure to state a claim to the extent that Plaintiff purports to assert claims accruing more than two years before she filed the Complaint.  Claims for violation of the Minimum Wage Amendment are not subject to a six-year statute of limitations as Plaintiff alleges (Compl. ¶ 17); they are subject to a two-year statute of limitations.  *See*, *e.g.*, *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

Plaintiff's Second Cause of Action (based on NRS § 608.140 and §§ 608.020-608.050) should be dismissed with prejudice for failure to state a claim because NRS § 608.140 does not provide a private right of action to enforce Nevada's labor statutes.  *See, e.g.*, *Miranda v. O'Reilly Auto. Stores, Inc.*, 2014 U.S. Dist. LEXIS 118931 (D. Nev. Aug. 26, 2014).  Rather, the Labor Commissioner retains the exclusive right to enforce those statutes.  *See* NRS § 608.180.

///
///
///
///

## II   BACKGROUND

Plaintiff alleges that she is a former US Airways Customer Service Agent who worked at US Airways' Reno, Nevada call center location.[1] (Compl. ¶ 7.) Her job responsibilities included assisting clients with airline travel reservations over the telephone. (*Id.*) Plaintiff does not provide any details as to when she was employed by US Airways, but alleges that, throughout her employment at US Airways, she worked five eight-hour shifts per week for a total of 40 hours a week. (*Id.*)

In addition to her regularly scheduled hours, Plaintiff claims that she and putative class members performed numerous pre- and post-shift activities for which they were not paid. (*Id.* ¶¶ 8–9.) Plaintiff alleges that prior to starting her regularly scheduled shift, she performed activities such as booting up her computer and loading computer programs. (*Id.* ¶ 7.) Plaintiff further alleges that she had to perform similar activities (*e.g.*, booting down her computer and returning Company equipment) after she clocked out. (*Id.*) Plaintiff asserts that US Airways never paid her or putative class members for the 30 minutes it took to perform these activities each day. (*Id.* ¶¶ 8–9.) Plaintiff also alleges that US Airways requires call center employees to complete at-home training courses and score at least 95% on weekly examinations to maintain their employment. (*Id.* ¶ 9.) Plaintiff asserts that she spent roughly two hours per day studying for the required weekly examinations and that US Airways never compensated her for the time she spent studying. (*Id.*)

In sum, Plaintiff claims that, in addition to her daily eight-hour shift, she spent an additional two hours and 30 minutes working each day without compensation. (*Id.*) She asserts that US Airways never compensated her nor the putative class members as a result of the Company's "practice and policy of not paying employees" for pre- and post-shift activities and time spent preparing for required training examinations. (*Id.* ¶¶ 8–9.)

Plaintiff originally filed her lawsuit in the Second Judicial District for the State of Nevada,

///

---

[1] The factual allegations in the Complaint are assumed to be true solely for purposes of this motion. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

County of Washoe on February 26, 2015. US Airways removed the action to this Court on April 8, 2015. (Dkt. No. 1.)

**III    ARGUMENT**

Pursuant to Rule 12(b)(6), Plaintiff's First Cause of Action should be dismissed with prejudice for failure to state a claim to the extent it asserts claims accruing more than two years before Plaintiff filed the Complaint, and Plaintiff's Second Cause of Action should be dismissed with prejudice in its entirety for failure to state a claim.

### A.  Plaintiff's First Cause Of Action Should Be Dismissed To The Extent That It Asserts Claims That Accrued More Than Two Years Before Plaintiff Filed Suit.

In her First Cause of Action for violation of the Minimum Wage Amendment, Plaintiff purports to assert claims on behalf of herself and a putative class for a six-year period based on the six-year statute of limitations set forth in NRS § 11.190(1)(b). (Compl. ¶¶ 17, 19–26.) But NRS § 11.190(1)(b) does not govern Plaintiff's First Cause of Action. Rather, NRS § 608.260 governs Plaintiff's First Cause of Action, and it expressly provides for a two-year statute of limitations.

NRS § 11.190(1)(b) states that "unless further limited by specific statute" a six-year period of limitation applies to civil actions "upon a contract, obligation or liability founded upon an instrument in writing." Plaintiff's First Cause of Action for failure to pay minimum wages, however, is not based "upon a contract, obligation or liability founded upon an instrument in writing." Rather, Plaintiff expressly seeks to recover "unpaid wages due pursuant to Nevada constitutional and statutory authority." (Compl. ¶ 2.) NRS § 608.260 governs such a claim, and specifically imposes a two-year statute of limitations on actions by employees to recover the difference between minimum wage and the amount paid. *See* NRS § 608.260 ("If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage.").

The fact that claims for violation of the Minimum Wage Amendment are subject to a two-year statute of limitations has been confirmed by the Ninth Circuit. *See Rivera.*, 735 F.3d at 902

("[t]he district court properly dismissed the state [minimum wage] constitutional claims to the extent they accrued more than two years before [plaintiff] filed suit."). And the two-year statute of limitations for such claims has also repeatedly been confirmed by this Court. *See McDonagh v. Harrah's Las Vegas*, 2014 U.S. Dist. LEXIS 82290, at *10–11 (D. Nev. June 17, 2014) (rejecting plaintiff's argument that NRS § 11.190(1)(b) provides a six-year statute of limitations period for claims under the Minimum Wage Amendment, and holding that a two-year statute of limitations applies); *Tyus v. Wendy's of Las Vegas, Inc.*, 2015 U.S. Dist. LEXIS 32591, at *6 (D. Nev. Mar. 13, 2015) ("although the Minimum Wage Amendment is silent on a limitations period, the Court finds that this silence does not impliedly repeal the two-year statute of limitations period found in NEV. REV. STAT. ANN. § 608.260 [and] [t]he Court dismisses with prejudice all wage claims accruing more than two years before Plaintiffs filed suit.").

The result must be the same here. Plaintiff's First Cause of Action should be dismissed with prejudice to the extent it purports to assert claims on behalf of Plaintiff or the putative class accruing more than two years before Plaintiff filed suit.

> **B.    Plaintiff's Second Cause Of Action Should Be Dismissed Because There Is No Private Right Of Action To Enforce The Nevada Labor Statutes At Issue.**

Plaintiff's Second Cause of Action fails to state a claim upon which relief may be granted because NRS § 608.140 does not provide a private right of action to enforce Nevada's labor statutes, including §§ 608.020-608.050. This has repeatedly been confirmed by this Court. *See, e.g.*, *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1218–19 (D. Nev. 2013) (finding that section 608.140 does not imply a private right of action to enforce labor statutes and dismissing an [overtime] claim brought pursuant to 608.020 and 608.040); *Miranda.*, 2014 U.S. Dist. LEXIS 118931, at *5 (holding that section 608.140 "does not imply a private remedy to enforce the labor statutes, which impose external standards for wages and hours."); *McDonagh*, 2014 U.S. Dist. LEXIS 82290, at *10 ("[t]he current tide of common law appears to show that NRS 608.140 'does not imply a private remedy to enforce labor statutes, which impose external standards for wages and hours . . .'" (citation omitted)); *Gamble v. Boyd Gaming Corp.*, 2015 U.S. Dist. LEXIS 78069, at *10–11 (D. Nev. June 6, 2014) (finding no private remedy to enforce

1  608.020-.050); *Descutner v. Newmont USA Ltd.*, 2012 U.S. Dist. LEXIS 156656, at *6–7 (D. Nev.
2  Nov. 1, 2012) ("section 608.140 does not imply a private right of action to sue under the labor
3  code . . . .").

4       These decisions are all supported by precedent of the Nevada Supreme Court, which has
5  held that "the absence of an express provision providing for a private cause of action to enforce a
6  statutory right strongly suggests that the Legislature did not intend to create a privately
7  enforceable judicial remedy." *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101, 104–05
8  (Nev. 2008) (holding no private right of action to enforce NRS § 608.160).  Similarly, the Nevada
9  Supreme Court has stated that "when an administrative official is expressly charged with
10 enforcing a section of laws, a private cause of action generally cannot be implied." *Id.* at 102
11 (noting that the Legislature has ordered the Labor Commissioner to enforce NRS § 608.160
12 weighs heavily against finding any intent to create a private remedy).  Here, the Labor
13 Commissioner is expressly charged by statute to enforce all wage and hour requirements under
14 608.005-608.195.  *See* NRS § 608.180 (the "Labor Commissioner . . . shall cause the provisions of
15 NRS 608.005 to 608.195, inclusive, to be enforced . . . ."); *see also id.* § 607.215 (creating a
16 comprehensive scheme whereby review of the Commissioner's decisions is available in court).

17       Accordingly, because NRS § 608.140 does not provide a private right of action to enforce
18 §§ 608.020-.050, Plaintiff's Second Cause of Action fails to state a claim and should be dismissed
19 with prejudice.

20 **IV    CONCLUSION**

21       For the foregoing reasons, US Airways respectfully requests that pursuant to Rule 12(b)(6)
22 the Court: (1) dismiss with prejudice Plaintiff's First Cause of Action for failure to state a claim to
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1405630.1            7

the extent that it asserts claims on behalf of Plaintiff or the putative class accruing more than two years before Plaintiff filed her Complaint; and (2) dismiss with prejudice for failure to state a claim Plaintiff's Second Cause of Action.

Dated:   April 15, 2015

Respectfully submitted,

DOWNEY BRAND LLP

By: /s/ Bret F. Meich
    Richard G. Campbell, Jr. (Bar No. 1832)
    rcampbell@downeybrand.com
    Bret F. Meich (Bar No. 11208)
    bmeich@downeybrand.com
    100 W. Liberty St., Suite 900
    Reno, NV 89501_
    TEL.: 775-329-5900
    FAX: 775-997-7417

*Attorneys for Defendant US Airways, Inc.*

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is Downey Brand LLP, 100 West Liberty, Suite 900, Reno, Nevada 89501. On April 15, 2015, I served the following document(s):

**DEFENDANT US AIRWAYS, INC.'S NOTICE OF REMOVAL**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada addressed as set forth below.

☐ **BY EMAIL:** by causing the document(s) to be electronically served.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY E-MAIL/ELECTRONIC FILING SYSTEM:** by causing the document(s) to be electronically served via the court's electronic filing system to the following attorneys associated with this case.

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV  89511

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 15, 2015, at Reno, Nevada.

/s/ Danielle L. Bleecker

1405630.1

9