UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDNA SHEFFER,<br><br>          Plaintiff,<br><br>     vs.<br><br>US AIRWAYS, INC.,<br><br>          Defendant. | 3:15-cv-00204-RCJ-VPC<br><br>**ORDER** |

This case arises out of the alleged failure of an airline to pay its call center employees in accordance with state law.  Pending before the Court is a Motion to Dismiss (ECF No. 6).  For the reasons given herein, the Court grants the motion in part.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Edna Sheffer was employed by Defendant US Airways, Inc. as a Customer Service Agent at Defendant's Reno, Nevada call center. (Compl. ¶ 7, ECF No. 1, at 13).  She was scheduled to work five eight-hour shifts per week. (*Id.*).  Plaintiff was required to perform certain work-related tasks prior to her shifts, including retrieving her telephone headset, reading an informational sheet, turning on her computer, and loading various programs, yet she was not permitted to clock in to the timekeeping system on the computer until she was ready to begin accepting telephone calls. (*Id.* ¶ 8).  Plaintiff was also required to perform certain work-related

1 tasks after she clocked out, including exiting the various computer programs, turning off the
2 computer, and returning her telephone headset. (*Id.*). Plaintiff was not compensated for the pre-
3 clock-in or post-clock-out activities. (*Id.*). Plaintiff was also not paid for certain at-home training
4 courses and weekly examinations she was required to pass with a 95% score as a condition of
5 continued employment. (*Id.* ¶ 9). The courses and studying required approximately two hours
6 per day. (*Id.*). In total, Plaintiff worked approximately two-and-a-half uncompensated hours per
7 day. (*Id.* ¶ 10).

8 Plaintiff filed the present class action Complaint in state court, alleging failure to pay the minimum wage in violation of the Nevada Constitution and failure to timely pay all wages due and owing upon termination under Nevada Revised Statutes sections ("NRS") 608.140 and 608.020–050. Defendant has moved to dismiss in part.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering whether a complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  A court, however, is not required to accept as true conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

#### A.   The Statute of Limitations Applicable to Section 16

Defendant argues that the first claim should be dismissed to the extent the alleged violations occurred outside of the limitations period.  Plaintiff does not appear to contest the point generally, but the parties disagree as to which limitations period applies.  The Court must therefore determine which limitations period applies to minimum wage claims brought under Section 16 of Article 15 of the Nevada Constitution ("Section 16").

Plaintiff cites the six-year statute of limitations under NRS 11.190(1)(b)—the limitations period for actions on written contracts and obligations—arguing that constitutional violations are subject to this provision because the Nevada Constitution is in writing and the employer has an obligation to abide by it.  The Court rejects this argument.  The statute does not refer to "constitutional violations" but "action[s] upon a contract, obligation or liability founded upon an instrument in writing."  Although the broadest possible meaning of NRS 11.190(1)(b) taken in a vacuum could include actions under any written law, such an interpretation would render superfluous NRS 11.190(3)(a)—the limitations period for actions created by statute—because all statutes are written.  The Court is confident the Nevada Supreme Court would not construe NRS 11.190 in this way.  *See Harris Assocs. v. Clark Cnty. Sch. Dist.*, 81 P.3d 532, 534 (Nev. 2003) ("[W]e construe statutes to give meaning to all of their parts and language, and this court will read each sentence, phrase, and word to render it meaningful within the context of the purpose of

the legislation. Further, no part of a statute should be rendered meaningless . . . ." (internal quotation marks and footnotes omitted)). If Plaintiff wishes to invoke the six-year limitations period, the claim must be based on a breach of a private written contract. But the first claim is not based on any contractual breach. Rather, it is based on a failure to abide by the requirements of Section 16. The six-year statute of limitations under NRS 11.190(b)(1) therefore does not apply.

Defendant argues that NRS 608.260—which contains a two-year statute of limitations—governs the first claim. The Court rejects this argument, as well. NRS 608.260 creates a private right of action to enforce the minimum wages administratively set by the Labor Commissioner under NRS 608.250, and the limitations period for such a claim is two years. *See* Nev. Rev. Stat. § 608.260. Plaintiff has brought no claim under NRS 608.250, but under Section 16. Indeed, Section 16 supersedes NRS 608.250 as to any inconsistency, and the specific minimum wages provided by Section 16 are inconsistent with NRS 608.250's grant of power to the Labor Commissioner to establish the minimum wage. *See Thomas v. Nev. Yellow Cab Corp.*, 327 P.3d 518, 520–22 (Nev. 2014).

Neither party has identified the proper limitations period, even in the alternative to their primary arguments, which is surprising, because the most obvious candidate in this case is the three-year limitations period generally applicable to statutory causes of action. Section 16 does not include its own statute of limitations. *See* Nev. Const. art. 15, sec. 16. The three-year statute of limitations applicable to statutory causes of action therefore presumably applies. *See* Nev. Rev. Stat. § 11.190(3)(a). Section 16 is in the nature of a statutory cause of action because it is not a judicially created common law claim. Of course, Section 16 is not strictly a "statute," but the Court believes the Nevada Supreme Court would treat it as one for the purposes of the

limitations period. NRS 11.190 provides that "actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows." *See id.* § 11.190. The statute on its face governs any and all actions under state law, subject only to the exceptions listed therein, neither of which apply to Section 16. Finally, Section 16's silence on a limitations period does not make NRS 11.190's generally applicable limitations periods "irreconcilably repugnant" to Section 16. *See Thomas*, 327 P.3d at 521. The Court therefore rules that the three-year limitations period under NRS 11.190(3)(a) applies to the Section 16 claim. Only damages incurred within the limitations period are recoverable.

### B. Whether NRS 608.020–.050 are Privately Actionable

Defendant argues that the second claim under NRS 608.020–050 is not privately actionable because NRS 608.140 does not imply a private right of action to enforce NRS 608.005–608.195. Rather, Plaintiff must seek redress from the Labor Commissioner. The Court agrees. *See Miranda v. O'Reilly Automotive Stores, Inc.*, No. 2:14-cv-878, 2014 WL 4231372, at *2–6 (D. Nev. Aug. 26, 2014) (Jones, J.); *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1218–19 (D. Nev. 2013) (Mahan, J.); *Descutner v. Newmont USA Ltd.*, No. 3:12-cv-371, 2012 WL 5387703 (D. Nev. Nov. 1, 2012) (Jones, J.).

The Court rejects Plaintiff's argument that she has no remedy via the Labor Commissioner. She argues that because she is not indigent, the Labor Commissioner will not pursue her claims via a civil action. There are several problems with this argument.

First, the Labor Commissioner has the statutory authority and duty to hear and decide Plaintiff's claims administratively regardless of whether he chooses to institute a civil action. *See Baldanado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 103–05 (Nev. 2008). The fact that the Labor Commissioner would not provide counsel for Plaintiff to pursue her claims in court is therefore

irrelevant to the issue of whether Plaintiff has any remedy via the Labor Commissioner.  NRS 607.160(6) provides that the Labor Commissioner may "cumulative[ly]" impose administrative penalties and institute civil actions.  NRS 607.160(7) and 607.170(1)—cited by Plaintiff to show that the Labor Commissioner will not prosecute civil actions on behalf of complainants unless they are indigent—does nothing to abrogate the Labor Commissioner's power and duty to determine labor claims administratively and impose "an administrative penalty or other administrative action" under NRS 607.160(6)

Second, if Plaintiff means to argue that the Labor Commissioner refuses to hear and decide her complaint in his administrative capacity in violation of his statutory duties, her remedy is to seek a writ of mandamus under NRS 34.160 in the state courts.  *See id.* at 104 ("[W]e conclude that the labor statutes, including NRS 607.205 and NRS 607.207, require the Labor Commissioner to hear and decide complaints seeking enforcement of the labor laws.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED IN PART.  The first cause of action is limited to acts occurring within three years of the filing of the Complaint, and the second cause of action is dismissed, without leave to amend.

IT IS SO ORDERED.

DATED: June 1, 2015.

_____
ROBERT C. JONES
United States District Judge