UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDNA SHEFFER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>US AIRWAYS, INC.,<br><br>　　　　Defendant. | 3:15-cv-00204-RCJ-VPC<br><br>**ORDER** |

This case arises out of the alleged failure of an airline to pay its call center employees in accordance with state law.  Pending before the Court is a Motion to Reconsider (ECF No. 25).  For the reasons given herein, the Court denies the motion.

**I.　FACTS AND PROCEDURAL HISTORY**

Plaintiff Edna Sheffer was employed by Defendant US Airways, Inc. as a Customer Service Agent at Defendant's Reno, Nevada call center. (Compl. ¶ 7, ECF No. 1, at 13).  She was scheduled to work five eight-hour shifts per week. (*Id.*).  Plaintiff was required to perform certain work-related tasks prior to her shifts, including retrieving her telephone headset, reading an informational sheet, turning on her computer, and loading various programs, yet she was not permitted to clock in to the timekeeping system on the computer until she was ready to begin accepting telephone calls. (*Id.* ¶ 8).  Plaintiff was also required to perform certain work-related

tasks after she clocked out, including exiting the various computer programs, turning off the computer, and returning her telephone headset. (*Id.*). Plaintiff was not compensated for the pre-clock-in or post-clock-out activities. (*Id.*). Plaintiff was also not paid for certain at-home training courses and weekly examinations she was required to pass with a 95% score as a condition of continued employment. (*Id.* ¶ 9). The courses and studying required approximately two hours per day. (*Id.*). In total, Plaintiff worked approximately two-and-a-half uncompensated hours per day. (*Id.* ¶ 10).

Plaintiff filed the present class action Complaint in state court, alleging failure to pay the minimum wage in violation of Section 16 of Article 15 of the Nevada Constitution ("Section 16") and failure to timely pay all wages due and owing upon termination under Nevada Revised Statutes sections ("NRS") 608.140 and 608.020–050. Defendant moved to dismiss in part. The Court ruled, *inter alia*, that the three-year statute of limitations under NRS 11.190(3)(a) applied to the Section 16 claim. Plaintiff has asked the Court to reconsider that aspect of its ruling.

## II.   LEGAL STANDARDS

Motions to reconsider made too late to be considered under Rule 59(e) are considered under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Because Plaintiff filed the present motion to reconsider 29 days after the Court entered its partial dismissal order, Rule 60(b) applies.[1]

## III.   ANALYSIS

Plaintiff previously argued that the six-year statute of limitations under NRS 11.190(1)(b) governed the Section 16 claim. Defendant argued that the two-year statute of limitations under NRS 608.260 governed the claim. The Court rejected both arguments. NRS 11.190(1)(b)

---

1 The twenty-eighth day was a Monday and not a holiday. *See* Fed. R. Civ. P. 6(a).

governs claims on written contracts, and NRS 608.260 governs minimum wage claims rendered obsolete by Section 16. The Court ruled that the three-year statute of limitations for statutory causes of action under NRS 11.190(3)(a) applied. Plaintiff has asked the Court to reconsider and rule that that four-year residual limitations period under NRS 11.220 applies to Section 16 claims, not the three-year limitations period applicable to liabilities "created by statute" under NRS 11.190(3)(a). Because there is no basis under the rules for the Court to reconsider, it denies the motion without deciding the underlying question.

Although previous versions of NRS 11.190(3)(a) and 11.220 had existed together for well over a century, *see State v. Yellow Jacket Silver Mining Co.*, 14 Nev. 220, 228–29 (1879), NRS 11.190 was adopted in 1965, whereas NRS 11.220 was adopted in 1911. To the extent of any inconsistency, therefore, NRS 11.190 would control, though the statutes should be read together to give effect to the language of both as far as possible. *See State ex rel. Cent. Pac. Ry. Co. v. Nev. Tax Comm'n*, 145 P. 905, 906 (Nev. 1915). There is no clear conflict between NRS 11.220 and 11.190(3)(a), and either of them might reasonably be determined to apply here. A fair argument can be made that the residual limitations period of NRS 11.220 should apply to constitutional claims, because such a construction would maintain some application for NRS 11.190(3)(a), i.e., to non-constitutional statutory claims. On the other hand, treating constitutional causes of action under NRS 11.190(3)(a) would likewise maintain some application for NRS 11.220, i.e., to common law claims not otherwise addressed under NRS 11.190.

The Court is of the opinion that either limitations period might reasonably apply to constitutional claims. The Nevada Supreme Court has not had occasion to rule on the issue. In an appropriate case, it would have to make a difficult judgment whether to treat the phrase

"liability created by statute" as meaning something like "liability created via the political process as opposed to the judicial process," i.e., any liability created outside of the common law, versus something like "liability created by the Nevada Revised Statutes as opposed to the Nevada Constitution or the Nevada Administrative Code." Put differently, does NRS 11.190(3)(a) mean by "statute" only written provisions of law adopted via the bicameralism and presentment procedures of Sections 18 and 35 of Article 4 of the Nevada Constitution, or does it mean by "statute" any democratically adopted written law, which would further include constitutional provisions, or does it mean by "statute" any written rule at all, which would further include administrative regulations. "Statute" is not separately defined in Chapter 11 or elsewhere in the Nevada Revised Statutes or the Nevada Constitution. A court cannot assume that "statute" does not include constitutional provisions. For example, the U.S. Supreme Court itself treats state constitutional provisions as "statute[s]" for the purposes of the Certiorari Act. *See Delmas v. Merchants' Mut. Ins. Co.*, 81 U.S. 661, 667 (1871). The Nevada Supreme Court often looks to "the law of other jurisdictions, particularly California, for guidance." *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009). The New York Court of Appeals long ago ruled that a constitutional provision is not a "statute" for the purposes of the limitations period where a choice must be made between limitations periods like those in NRS 11.190(3)(a) and 11.220. *See Clark v. Water Comm'rs of Amsterdam*, 42 N.E. 414, 415–16 (1895) (Peckham, J.). But the California Court of Appeals has much more recently ruled to the contrary. *See Peles v. LaBounty*, 153 Cal. Rptr. 571, 573 (Ct. App. 1979). The Texas Court of Appeals has ruled that a residual limitations period applies to constitutional claims, *see Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 396 (Tex. App. 2013), but Texas has no statute

analogous to NRS 11.190(3)(a), *see* Tex. Civ. Prac. & Rem. Code ch. 16, so the case is not helpful in Nevada.

Ultimately, the Court need not guess at the answer the Nevada Supreme Court would give in the present case, nor need it await Defendant's opposition, because there is no basis for the Court to reconsider its previous ruling. Rule 60(b)(6)—the subsection under which the present motion is properly considered—does not exist to permit parties to make arguments they failed to make earlier. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."). There are no extraordinary circumstances alleged to have prevented Plaintiff from asking the Court to reconsider under Rule 59(e) within 28 days, or even to have prevented Plaintiff from making the argument in opposition to the motion to dismiss. And even if a Rule 59(e) motion had been timely made, the application of NRS 11.190(3)(a) over NRS 11.220 was not a "manifest error of law" supporting relief under that rule, *see Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), as there is no controlling authority and only very sparse, ambivalent persuasive authority available on the question. Nor does a state trial court's ruling qualify as an intervening change in law.[2]

In summary, the Court denies the motion to reconsider. The extraordinary circumstances

---

[2] Anyway, the state district court ruling Plaintiff adduces addresses only arguments as between NRS 11.220 and 608.260. It does not address NRS 11.190(3)(a), perhaps because the parties to that case did not argue that statute in the alternative, just as the parties to the present case did not argue NRS 11.220 in the alternative. The state district court ruling is therefore not persuasive as to a choice between NRS 11.220 and 11.190(3)(a).

required for Rule 60(b)(6) relief are not present, and relief under Rule 59(e), even if a timely motion had been made, would not have been appropriate as to a pure question of law in the absence of intervening controlling law or manifest error as to existing controlling law.  Plaintiff may still ask the Court to certify the question to the Nevada Supreme Court.  The Court states no opinion at this time as to whether it would grant such a motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 25) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge